1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11   RHONDA L. NIXON,                    )    NO. EDCV 06-1425-MAN
                                         )
12                  Plaintiff,           )
                                         )    MEMORANDUM OPINION
13             v.                        )
                                         )    AND ORDER
14   MICHAEL J. ASTRUE,                  )
     Commissioner of the                 )
15   Social Security Administration,     )
                                         )
16                  Defendant.           )
     _____)

17

18

19        Plaintiff filed a Complaint on January 11, 2007, seeking review of

20   the denial by the Social Security Commissioner ("Commissioner")[1] of her

21   application for disability insurance benefits ("DIB").  On February 9,

22   2007, the parties consented to proceed before the undersigned United

23   States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties

24   filed a Joint Stipulation on November 1, 2007, in which:  Plaintiff

25   seeks an order reversing the Commissioner's decision denying benefits

26

27        [1]    Michael J. Astrue became the Commissioner of the Social
     Security Administration on February 12, 2007, and is substituted in
28   place of former Commissioner Joanne B. Barnhart as the Defendant in this
     action.  (See Fed. R. Civ. P. 25(d)(1); Section 205(g) of the Social
     Security Act, last sentence, 42 U.S.C. § 405(g).)

and directing the payment of benefits or, alternatively, remanding the case for a new hearing before a different administrative law judge; and Defendant requests that the Commissioner's decision be affirmed.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed her application for DIB on December 1, 2004. (Administrative Record ("A.R.") 42.)  Plaintiff claims to have been disabled since March 1, 2003, due to osteoporosis and status post brain aneurysm with residual memory impairment, concentration problems, and headaches.  (A.R. 48-49, 78, Joint Stipulation ("Joint Stip.") at 2.) She has past relevant work experience in payroll, bookkeeping, and as a receptionist.  (A.R. 49, 115-16.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration.  (A.R. 21, 28.)  On June 15, 2006, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge F. Keith Varni ("ALJ").  (A.R. 112-27.)  On July 24, 2006, the ALJ denied Plaintiff's claim (A.R. 10-13), and the Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision (A.R. 3-5).

**SUMMARY OF ADMINISTRATIVE DECISION**

In his July 24, 2006 written decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the period at

2

issue.  (A.R. 11, 13.)  The ALJ determined that Plaintiff does not have a severe physical or mental impairment.  (A.R. 12-13.)  The ALJ also found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equivalent to an impairment listed in Appendix 1, Subpart P, Regulation No. 4.  (*Id.*)  In addition, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, at any time through the date of this decision. (*Id.*)

Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue.  (A.R. 10.)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence.  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996).  The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards.  <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that

3

detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y. of Health and Human Servs</u>, 846 F.2d 573, 576 (9th Cir. 1988); <u>see also Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995).   This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. <u>Id.</u> at 1041; <u>see also Morgan v. Comm'r. of Social Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999); <u>Flaten v. Sec'y.</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges two issues.  First, she contends that the ALJ failed to develop the record properly.  Second, she alleges that the ALJ improperly failed to consider lay witness testimony. (Joint Stip. at 2-3.)

**A.   <u>The ALJ Failed To Develop The Record Adequately Regarding Kaiser Medical Records</u>.**

Plaintiff contends that, by making no effort to assist in obtaining her complete medical records for the past two years from Kaiser, the ALJ failed to develop the record, thereby committing legal error. (Joint Stip. at 4.)

In social security cases, the ALJ has a duty to fully and fairly

4

1   develop the record. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir.
2   2001)(citing <u>Smolen</u>, 80 F.3d at 1288); *see also* 20 C.F.R. § 416.1444 (at
3   the  administrative  hearing,  the  ALJ  "looks  fully  into  the  issues").
4   This is true even when the claimant is represented by counsel. <u>Brown v.
5   Heckler</u>,  713  F.2d  441,  442-43  (9th  Cir.  1993).   The  ALJ's  duty  to
6   develop the record extends from the basic premise that Social Security
7   hearings  are  not  adversarial  in  nature.   <u>Orcutt v. Barnhart</u>,  2005  WL
8   2387702, *3 (C.D. Cal. 2005); *see also* <u>Sims v. Apfel</u>, 530 U.S. 103, 110-
9   11 (2000)("It is the ALJ's duty to investigate the facts and develop the
10  arguments both for and against granting benefits").

11

12      The  record  suggests  that  there  could  be  additional  and  pertinent
13  medical  evidence  regarding  Plaintiff's  psychiatric  history,  which  was
14  not  reviewed  by  the  ALJ.   Accordingly,  the  ALJ's  duty  to  develop  the
15  record  was  triggered.   20  C.F.R.  §  404.1512(e)  provides  that  the
16  Administration "will seek additional evidence or clarification from your
17  medical  source  when  the  report  from  your  medical  source  contains  a
18  conflict or ambiguity that must be resolved, the report does not contain
19  all  of  the  necessary  information,  or  does  not  appear  to  be  based  on
20  medically  acceptable  clinical  and  laboratory  diagnostic  techniques."
21  *See also* <u>Tonapetyan</u>, 242 F.3d at 1150 ("ambiguous evidence, or the ALJ's
22  own finding that the record is inadequate to allow for proper evaluation
23  of  the  evidence,  triggers  the  ALJ's  duty  to  'conduct  an  appropriate
24  inquiry'"; quoting <u>Smolen</u>, 80 F.3d at 1288). An ALJ may "discharge" his
25  duty in various ways, such as:  "subpoenaing the claimant's physicians,
26  submitting  questions  to  the  claimant's  physicians,  continuing  the
27  hearing,  or  keeping  the  record  open  after  the  hearing  to  allow
28  supplementation of the record."  *Id.*

1    The fact that Kaiser's treatment of Plaintiff resulted in a
2  "disability off work order" and a "return to work order" (A.R. 125)
3  indicates that these records likely contain information relevant to
4  Plaintiff's application for DIB.    Plaintiff's medical records from
5  Kaiser are not a part of the record, nor were they reviewed by the
6  Consultative Examiner.   (A.R. 88.)   See Nalley v. Apfel, 100 F. Supp. 2d
7  947, 953 (S.D. Iowa 2000)("when a claimant is sent to a doctor for a
8  consultative examination, all the available medical records should be
9  reviewed by the examiner").

10

11    There are few facts to suggest that the Kaiser medical records are
12  actually unavailable.   The record is ambiguous as to the nature and
13  extent of Plaintiff's efforts to obtain her medical records from Kaiser.
14  The ALJ states in his decision, Plaintiff "tried to get her medical
15  records from Kaiser but has been unable to do so."   (A.R. 12.)   But
16  Plaintiff herself said nothing about what she had actually done to
17  attempt to get her medical records.   At the June 15, 2006 hearing before
18  the ALJ, Plaintiff stated that McKee Medical Clinic, from which she
19  wished to obtain treatment, had "been trying for the last two years to
20  get my medical records from Kaiser" (A.R. 120), "and so far they've not
21  been able to get paperwork from the physician" (A.R. 125).   Plaintiff
22  then responded affirmatively to the ALJ's leading questions, "And you've
23  tried to get those records yourself from Kaiser and haven't been able to
24  get them?" and "So, the records just don't exist anymore as far as you
25  know?"   (A.R. 125-26.)   Absent a declaration from Kaiser, conclusive
26  evidence is absent that the Plaintiff's medical records have been lost
27  or destroyed.

28

To fully assess Plaintiff's ability to engage in substantial gainful activity, her Kaiser medical records should be reviewed. The ALJ made no effort to obtain these medical records and, thereby, to ascertain the extent of the Plaintiff's impairment(s). As a result, the ALJ has failed to fully and fairly develop the record. *See* Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1991)(remanding case in order to develop the record); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record). To ensure that a proper search for these medical records is made, the ALJ should issue a subpoena to Kaiser for the production of Plaintiff's medical records. Plaintiff shall provide any and all authorizations necessary to facilitate the production of her medical records by Kaiser.

Accordingly, remand for further development of the record is needed.

**B.** **The ALJ Should Consider The Lay Witness Statement Of Plaintiff's Mother On Remand**.

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); *see also* Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). An ALJ may "properly discount lay testimony that conflict[s] with the available medical evidence." Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). When, however, a lay witness testifies about a claimant's

7

symptoms, which may affect the claimant's ability to work, such testimony is competent evidence and, therefore, cannot be disregarded without comment. *Id.*

Plaintiff alleges that the ALJ erred by not considering the testimony of Plaintiff's mother and failing to provide reasons for rejecting her testimony. (Joint Stip. At 10.) Plaintiff's mother sees Plaintiff on a daily basis, and she reported that Plaintiff is unable to handle her own finances (A.R. 58, 59), has uncontrolled anger (A.R. 59), cannot complete tasks or concentrate (A.R. 60), and has difficulty following instructions (A.R. 60). In evaluating the weight of lay witness evidence, the Ninth Circuit has observed: "An eyewitness can often tell whether someone is suffering or merely malingering. While this is particularly true of witnesses who view the claimant on a daily basis, the testimony of those who see the claimant less often still carries some weight." <u>Dodrill</u>, 12 F.3d at 919.

As this case is being remanded so that the ALJ can develop the record, and Plaintiff's mother's questionnaire regarding Plaintiff's limitations and symptoms is relatively brief (*see* A.R. 55-62), the ALJ should consider her statements on remand prior to rendering his ultimate determination regarding Plaintiff's disability.

**C.   <u>Remand Is Required</u>.**

Here, remand is appropriate to allow the ALJ the opportunity to correct the above errors. *See, e.g.,* <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if

enhancement of the record would be useful); <u>McAllister</u>, 888 F.2d at 603 (remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2008

                                        /s/
                              MARGARET A. NAGLE
                          UNITED STATES MAGISTRATE JUDGE

9